THOMAS B. HAWKES *vs.* ALEXANDER FRASER.

Submitted on briefs Dec. 6, 1892. Decided Jan. 11, 1893.

**Findings of Fact Justified by the Evidence.**

Upon an examination of the evidence on the trial of this action, which was brought by an assignee in insolvency against a creditor alleged to have obtained an unlawful preference, it is *held* that certain findings of fact were justified by such evidence.

Appeal by defendant, Alexander Fraser, from an order of the District Court of St. Louis County, *Start, J.,* made August 29, 1892, denying his motion for a new trial.

Clark & Wardell were on May 14, 1891, in the logging and lumber business on French River, Minn. They were insolvent, and defendant knew it. They owed him over $2,000, which they were unable to pay. On that day he took possession, with their consent, of five of their horses, worth $500, and removed them to Superior, Wis., where he caused them to be attached by the sheriff in an action he commenced there on his claim against Clark & Wardell.

On May 29, 1891, Clark & Wardell made an assignment of all their nonexempt property to the plaintiff, Thomas B. Hawkes, under Laws 1881, ch. 148, in trust for their creditors, and he accepted the trust. In August, 1891, defendant obtained judgment in his action in Superior, Wis., and caused execution to be issued, and the horses were sold under it by the sheriff to one Crawford for $490, and the money realized was applied on the judgment.

This action was afterwards brought by the assignee to recover of defendant the value of the horses, on the ground that the transaction amounted to a payment, or a giving of security, by the insolvents within ninety days next before their assignment, with intent to give defendant a preference over their other creditors.

The issues were tried February 17, 1892, before Hon. Chas. M. Start, Judge of the Third Judicial District, assigned to sit in the Eleventh, pursuant to Laws 1891, ch. 77. Findings were filed and judgment ordered for plaintiff for the value of the horses. The defendant moved for a new trial, and being denied, appeals.

*Mann & McLennan* and *Cash, Williams & Chester,* for appellant.

There is no proof in the case that when the insolvents permitted defendant to take the property over into Wisconsin they intended or even suspected that he would sue them and attach it there. Without proof of such intent on their part, the case is not brought within Laws 1881, ch. 148, § 4. *Baumann* v. *Cunningham,* 48 Minn. 292; *Wright* v. *Fergus Falls Nat. Bank,* 48 Minn. 120.

The defendant having taken the property to Wisconsin in good faith, and the property being under attachment in that state when the assignment was made, the assignment did not, and could not, affect his right to collect his debt by a judicial sale of it in that state. *Jenks* v. *Ludden,* 34 Minn. 482; *McClure* v. *Campbell,* 71 Wis. 350.

*Henry S. Mahon,* for respondent.

In taking possession and control of the property, defendant acted with the intention of obtaining a preference if he could, and he did thereby actually obtain a preference. In allowing defendant to seize the property and remove it under a baseless claim of right, the debtors intended and had in view all that followed as the natural, necessary or probable consequences of their action or inaction. We are aware that it must appear that the assailed conveyance was made with a view of giving a preference, but we submit that very slight evidence is sufficient to justify a finding to that effect.

Direct evidence of a secret intent is something that it is almost impossible to procure, if the intent is denied by the parties. It can, as a rule, be judged of only by their acts and conduct. If courts and juries regard the words and statements of parties, rather than their acts, and the natural consequences of their acts, as manifesting their true intent, our insolvent law is a failure.

COLLINS, J. From an examination of the record in this case we are of the opinion that the evidence fully justified the findings of the trial court, in substance, that the insolvents delivered the chattels in question to defendant with intent that he should secure a preference over other creditors, and that he took possession and at once removed

the same to the state of Wisconsin, without right, and with intent to thereby obtain a preference over other creditors of the insolvents, and for the express purpose of evading the insolvency laws of this state. The defendant resided in Minnesota; he knew of the insolvency of plaintiff's assignors; he was their creditor in quite an amount. With this condition of affairs they acquiesced in his taking possession of the property in this state upon a claim which, so far as was shown upon the trial, was without the slightest foundation, and thereupon he hastily removed it to the state of Wisconsin, where it was seized upon a writ of attachment issued in an action, as for debt, brought by him against the insolvents. Conceding the facts in respect to defendant's chattel mortgage on which Clark, the insolvent who actually turned over the property, states that he acted, to have been just as he supposed, he knew or ought to have known that defendant was not entitled to possession. The inevitable conclusion to be drawn from the undisputed testimony is that, in surrendering the property to defendant under a mere pretense of right, both parties intended that he should obtain an unlawful preference.

Order affirmed.

(Opinion published 53 N. W. Rep. 1144.)

---

52  203
61  306
52  203
68  455

