COMBINATION STEEL & IRON CO. *vs.* ST. PAUL CITY RY. CO. *et al.*

Argued Dec. 13, 1892.   Decided Jan. 11, 1893.

**Findings of Fact Construed.**

An allegation in a complaint that the contract price of certain goods therein mentioned had not, nor had any part thereof, been paid, having been put in issue by the answer, a general finding made by the court that all of the allegations of the complaint are true necessarily includes a finding on the question of payment.

**Findings Supported by the Evidence.**

Upon an examination of the evidence herein, it is *held* that certain findings of fact made by the trial court were supported by the evidence.

Appeal by defendant, the St. Paul City Railway Company, from an order of the District Court of Ramsey County, *Kelly*, J., made July 9, 1892, denying its application for another trial of this action.

The plaintiff, the Combination Steel and Iron Company, a corporation of Chester, Pa., on April 11, 1887, contracted to sell to the defendant the New York Cable Railway Construction Company, at $41 per ton, 6,110 steel rails ten feet in length, to be bent into yokes and used by it in performing its contract with the St. Paul City Railway Company to construct its Selby Avenue Cable Line in St. Paul. The Construction Company accepted and used only 4,853 of these rails. The plaintiff claimed due it for rails delivered a balance of $3,349.57, with interest from September 27, 1887, and it filed a lien therefor on this cable line at St. Paul, and brought this action to foreclose the lien and obtain a sale of the cable line, its equipment and franchise, to pay the debt. The Railway Company answered among other things that the Construction Company had paid plaintiff in full for these rails. The issues were first tried April 15, 1890, and defendant prevailed on the defense of payment, but on appeal this court reversed the trial court, 47 Minn. 207, and the action was sent down, and was again tried January 28, 1892. The judge found that all the facts alleged in the complaint were true except that the total number of steel rails furnished was 4,853, of which fifty to one hundred were not actually used in constructing the cable line, and he ordered judgment as prayed in the complaint.

The facts regarding payment by the Construction Company for rails delivered were these: On October 3, 1887, at New York City, it made and delivered to plaintiff its note for $3,349.57, payable in that city thirty-five days thereafter, with interest, and received credit for it on the plaintiff's account books to balance the account. A copy of the account was furnished to the Construction Company, receipted in full, but the note was never paid. On December 12, 1887, the plaintiff brought an action in the Court of Common Pleas at Philadelphia against the Construction Company alleging that it made a contract to purchase 6,110 steel rails at $41 per ton, but had accepted only 4,853, "*which it paid for in cash, or by note;*" that plaintiff tendered the remaining 1,257 rails, but they were not accepted,

and on November 10, 1887, the Construction Company executed a general assignment of its property to Jerome Carty in trust for the benefit of its creditors.    It demanded judgment for $897.86 damages for breach of the contract.    The receipted account and a duly certified copy of this complaint were offered in evidence by defendant on the trial of this action, in proof of its claim of payment.    Much oral evidence was also given upon the question whether the note was accepted as absolute or only conditional payment.    Plaintiff introduced in evidence the decision of the Court of Appeals of the State of New York in the case of *Jagger Iron Co.* v. *Walker*, 76 N. Y. 521, as evidence of the law at the place where the note was executed and made payable.

*H. J. Horn,* for appellant.

The court makes no finding upon the issue of payment, tendered by the defendant in its answer.    The complaint avers negatively that the claim of the plaintiff has not been paid.    This negative averment however does not tender an issue, that is, the defendant could not meet this averment by a mere denial.    It was incumbent upon the latter to plead payment as an affirmative defense, and the issue of payment is raised on the answer of the defendant, and reply of the plaintiff, and not upon the complaint.    Boone, Code Pleading, § 67; *Piercy* v. *Sabin*, 10 Cal. 30.

There was sufficient evidence to sustain the defense of payment, and the court erred in not considering it and in not making a finding accordingly upon this issue.    The receipt was sufficient *per se* to make out a *prima facie* case.    There was however, on the retrial, considerable other evidence showing that this receipt was given and accepted as payment and discharge of the debt.    It did not profess to be a mere receipt for the promissory note in question for $3,349.-57, but for the debt, and as absolute payment of the same.

The record of the suit brought by the plaintiff against the Construction Company was also placed in evidence.    This was a suit instituted in the Court of Common Pleas for the County of Philadelphia, to recover damages for alleged breach of the contract.    The complaint avers that all the rails that were delivered were paid for in

cash or by note. This is additional corroboration of the acceptance of the note as payment. The law of this state with respect to the effect of taking a promissory note as payment, is that if there is an agreement or understanding between the parties that the promissory note is accepted as payment, the original debt is extinguished. *Goenen* v. *Schroeder*, 18 Minn. 66, (Gil. 51;) *Daly* v. *Proctz*, 20 Minn. 411, (Gil. 363;) *Symons* v. *Northwestern Mut. Life Ins. Co.*, 23 Minn. 491.

*Eller & How*, for respondent.

The complaint alleges that the contract price for the rails is due and has not been paid; the findings are that the allegations contained in the complaint are true. We do not understand what further finding counsel can consider necessary.

In the Philadelphia action the allegation is as follows: "Under this contract all but 1,257 pieces have been delivered and paid for in cash or by note." This court, on the former appeal herein, held that the receipt and this complaint were insufficient to support a finding by the trial court that the claim had been paid. On the second trial more evidence was taken on this question, and the finding of the trial court will not be disturbed.

COLLINS, J. The nature of this action has been stated in the decision upon a former appeal, found reported in 47 Minn. 207, (49 N. W. Rep. 744,) whereby an order refusing a new trial to plaintiff was reversed on the ground that the evidence did not warrant a finding of the trial court that certain promissory notes were received and accepted by plaintiff in absolute payment and discharge of the original indebtedness. The second trial resulted in plaintiff's favor, and this appeal is from an order denying a motion for a third made by defendant railway company.

1. It was alleged in the complaint, among other things, that the contract price for the material furnished by plaintiff for use in the construction and building of a portion of defendant's line of road was due on a day named, and that the same had not, nor had any part thereof, been paid. By the answer an issue was tendered on this

matter of payment, and appellant's counsel, under one of his assignments of error, argues that there was no finding upon this question. The court below found, generally, that all of the allegations of thj complaint were true, with an exception to be spoken of later. This was sufficient. *Moody* v. *Tschabold, ante,* p. 51, (53 N. W. Rep. 1023.) And, had it not been, application should have been made to the trial court for the specific finding on the issue of payment, which counsel now insists was not only warranted, but absolutely required, by the proofs. *Cummings* v. *Rogers,* 36 Minn. 317, (30 N. W. Rep. 892,) and cases cited; *Reynolds* v. *Reynolds,* 44 Minn. 132, (46 N. W. Rep. 236.)

2. Referring to the contention of counsel just mentioned, in respect to the testimony on the issue of payment, that the trial court could not properly find otherwise than that the notes were taken in absolute payment of the original indebtedness, it must be said that, while the testimony on this point in defendant's behalf was increased in quantity, we do not think its probative effect to have been materially different from, or greater than, that produced upon the former trial, and which was held to be insufficient to support a finding that the debt was paid by acceptance of the notes. If this be our conclusion from a careful examination and comparison of this record with that presented on the first appeal, it cannot be expected that we should hold the trial court in error on its finding as to payment. In addition to this, it may be stated that other and further testimony on this point was introduced by plaintiff, including proof (*Jagger Iron Co.* v. *Walker,* 76 N. Y. 521) of the law of the state in which the notes were executed and delivered as to the effect of taking a debtor's note, and as to the effect of indorsing the same to a third party.

The finding that plaintiff's claim had not been paid was sustained by the evidence.

3. The exception in the findings mentioned in the first subdivision hereof was that out of the total number of rails furnished by plaintiff for use in the building and construction of appellant's road, a part, not less than 50 nor more than 100—the exact number not being ascertainable — were not used for that purpose by the con-

struction company. On this point the findings are characterized as imperfect and uncertain, to the extent that no proper judgment in plaintiff's favor can be based thereon; the specific complaint being that the value of these unused rails was not found, nor were they identified. We may not fully comprehend the force of this assignment of error, but it is not material that a portion of the rails furnished for the purpose of building and constructing appellant's line of railway were not actually used upon the same. *Burns* v. *Sewell,* 48 Minn. 425, (51 N. W. Rep. 224.)

4. It is claimed that the evidence was insufficient to support the finding that the rails, or any thereof, mentioned in the complaint and lien statement, were ever shipped or delivered by plaintiff, or the further finding that they were furnished by plaintiff for the purpose of building and constructing the line of road on which a lien is claimed, or on the credit of the same. We do not consider it of importance that we should detail and discuss the testimony on which both of these findings must have been based. We are of opinion that the conclusions of the trial court on the issues of fact thereby disposed of were justified by the evidence before it.

Order affirmed.

(Opinion published 53 N. W. Rep. 1144.)