JOHN PAUL LUMBER COMPANY v. GEORGE A. HORMEL.[1]

June 7, 1895.

Nos. 9440—(152).

**Mechanic's Lien—Time of Filing Statement.**

Between September 23, 1892, and January 31 following, plaintiff furnished to defendant building material, which was used in and about the erection and repairing of certain buildings on the premises described in the lien statement and the complaint. On March 1 and 2 following plaintiff also furnished building material for defendant, which was actually used in another building on a distinct tract of ground. The trial court found as a fact that when plaintiff's agent sold and delivered the last-mentioned material he believed, and from all the facts and circumstances had a right to believe, that the same was to be used for the purpose of constructing and repairing buildings on the same premises on which the material theretofore sold and delivered had been used; that credit was given on the strength of such belief; that the material was all suitable for the purpose, and that the agent had no knowledge that it was to go elsewhere. The lien statement, which included the items last mentioned, was not filed until May 27, or 116 days after the sale of January 31. *Held*, that the finding was supported by the evidence, and that it warranted a conclusion of law that the statement was seasonably filed.

**Same—Statement.**

Where a lien statement contains all of the requirements of G. S. 1894, § 6236, it is not necessarily fatally defective because it contains more.

[1] Reported in 63 N. W. 718.

Same—Lis Pendens.

> It is not necessary to allege, in a complaint in an action to foreclose a mechanic's lien, that the notice of lis pendens, required by G. S. 1894, § 6238, has been filed in the office of the register of deeds. Proof of the fact may be introduced on the trial without a formal pleading of it.

Appeal by defendant from an order of the district court for Mower county, Whytock, J., denying a motion for a new trial. Affirmed.

*S. D. Catherwood*, for appellant.

*French & Wright*, for respondent.

COLLINS, J. Action to foreclose a material man's lien. Plaintiff corporation was engaged in selling building material, while defendant was in the pork-packing business, his establishment being on the land described in the complaint. He was also one of a firm conducting a retail meat shop in a different part of the city. He contracted with one Hunkins to build another packing house on the land first mentioned, the latter to furnish all material and to do all of the work for a stipulated sum of money.

Hunkins ordered the necessary lumber, valued at about $800, from plaintiff, and it was delivered as called for; some of it to the contractor, some to defendant's servants, but the greater part to a drayman who did the hauling. When the contract was completed, Hunkins kept on at work by the day, repairing and constructing other buildings for plaintiff on the same premises, procuring material from plaintiff as needed, the value of such material being about $275. All of the material heretofore mentioned was obtained between September 23, 1892, and January 31, 1893. November 1, 1892, Hunkins paid to plaintiff, using defendant's check, the sum of $800. On March 1 and 2, 1893, one of defendant's servants went to plaintiff's place of business, and bought for the former material of the value of $5.75. This was intended for use, and was actually used, at the retail meat shop, and Hunkins had nothing to do with it. All of the material was charged upon plaintiff's books of account to the defendant, and this action was brought to recover from the latter the balance of the entire bill over and above the sum paid by Hunkins, and to enforce a lien for the same on the premises on which Hunkins performed his contract.

The trial court found as a fact that when plaintiff's agent sold

and delivered the bill of goods March 1 and 2, he believed, and from all the facts and circumstances in connection with such sale and delivery had a right to believe, that the same were to be used for the purpose of constructing and repairing buildings on the same premises on which the material theretofore sold and delivered had been used; that credit therefor was given in such belief; that it was all suitable for such purpose, and that the agent had no knowledge that it was to go elsewhere.

The relevancy and importance of this finding is manifest when we say that plaintiff's lien statement, which embraced all items from September 23 to March 2, and described only the land first mentioned, was not filed until May 27, or 116 days after the sale of January 31. If the sale and delivery made in March could not be held to justify a lien on that tract of land, although the material was not used there, plaintiff's lien statement was filed nearly one month too late.

The appellant's counsel insists that this finding was not supported by the evidence, but we cannot agree with him. Material had been obtained from plaintiff's yard day after day from the latter part of September until February 1 to be used in and about the construction and repair of buildings used by defendant in his pork-packing business, as was well known by plaintiff's agent. Some of this had from time to time been taken from the lumber yard by defendant's servants, and when, about a month later, another servant called for more material, it is easy to see that plaintiff's agent might well infer and suppose—and would be justified in so doing—that it was for use on the same premises. It having been delivered to defendant's servant, it certainly was not incumbent upon the agent to follow the material to its destination, and there was not a circumstance to suggest that it was not to be used on the same premises, except that nothing had been purchased for about thirty-one days for defendant.

Counsel also argues in his brief that this finding of fact is insufficient to warrant the conclusion of law that the lien statement was seasonably filed. He has no assignment of error which reaches this point, but it would be unavailing if he had.

The material was sold and delivered in the justifiable belief and expectation that it was to be used in the buildings on the premises

described in the complaint, where all material previously sold had gone, and the plaintiff's agent had no knowledge that it was to be used for another purpose. It was sold on the credit of those buildings. Under the circumstances it was of no consequence that it did not go into the buildings in question. See Burns v. Sewell, 48 Minn. 425, 51 N. W. 224; Combination Steel & Iron Co. v. St. Paul City Ry. Co., 52 Minn. 203, 53 N. W. 1144.

In the body of the complaint a sale and delivery of the material directly to defendant was alleged, while in the lien statement, which was made a part of the complaint, it was averred that it was furnished at the instance of Hunkins, the contractor of and for the defendant, owner of the buildings. Taken as a whole, we do not think the complaint open to the charge of indefiniteness, inconsistency, or duplicity by reason of these allegations. The lien statement contained all of the requisites prescribed by G. S. 1894, § 6236, and that it contained more does not necessarily render it fatally defective, nor does it follow that it was inconsistent with the allegations in the body of the complaint.

There was no allegation in the complaint that a notice of lis pendens had been filed in the office of the register of deeds at the commencement of the action. G. S. 1894, § 6238. And at the trial plaintiff made no attempt to show that such notice had been filed. But, after the arguments were in progress, the court allowed the fact that the statute had been complied with to be shown. The law simply requires that the notice be on file when the action is commenced, not before. As the drawing of the complaint precedes the commencement of the action, it necessarily follows that an allegation of such filing is not requisite. If the fact exists, and must be established by proof, the evidence is admissible on the trial without a formal pleading of it. There is no claim here that the court below abused its discretion when it opened the case that this proof might be made.

Order affirmed.