## N. A. MADLER v. TWIN CITY BOX FACTORY.[1]

March 20, 1914.

Nos. 18,330—(177).

**Forfeiture of ground lease — purchase of mechanic's liens.**

The defendant owned a ground lease. The building was burned. By agreement between the defendant and the fee owner the insurance money was

[1] Reported in 145 N. W. 1072.

deposited as security for rebuilding. The ground lease was afterwards assigned to the plaintiff upon condition that he rebuild the building. Liens accrued against the ground lease. The fee-owner gave notice forfeiting the leasehold. The defendant purchased the fee and claimed a forfeiture. It is *held* that by purchasing the fee, after the forfeiture by the fee-owner, the defendant could not defeat the liens against the ground lease.

Action in the district court for Hennepin county to obtain a judgment that plaintiff is the owner of the leasehold interest, in the premises described in the complaint, for the period of 99 years from January 10, 1901, that a certain lease had never been canceled or forfeited, and defendant had no estate or interest in the premises adverse to the leasehold interest of plaintiff. The facts are stated in the opinion. The case was tried before Waite, J., who made findings and ordered judgment in favor of the Twin City Box Factory, incorporated, substituted defendant, that the leasehold interest of plaintiff was forfeited upon condition that defendant pay to the trustees for the claimants named the sum of $1,122.89, the amount paid at sheriff's sale by the trustee for the leasehold interest and improvements. From the judgment entered pursuant to the order for judgment, the Twin City Box Factory, incorporated, appealed. Affirmed.

*Belden & Safford,* for appellant.

*Walter Holsinger,* for intervening lien claimants.

PER CURIAM:

This action was brought against the Smith Realty Co. to have the plaintiff adjudged to be the owner of a ground lease of a lot in Minneapolis. The defendant pleaded a forfeiture. Afterwards the Twin City Box Factory and a number of lien claimants intervened contesting the forfeiture. Later the Box Factory, having purchased the fee, dismissed its complaint in intervention, and was substituted as defendant in place of the Smith Realty Co. The court made its findings of fact, and as conclusions of law found that the Box Factory was entitled to a forfeiture of the ground lease as of December 25, 1911, upon condition that it pay the amount for which it had been sold upon the foreclosure of certain mechanic's liens; and that unless it so paid it was not entitled to a forfeiture. The Box Factory

appeals from the judgment. There is no settled case and the only question is whether the findings justify the conclusions of law. The controversy is between the Box Factory and the intervening lien claimants.

The facts, which are complicated and involved, may be abbreviated, and the controlling ones summarized as follows: In November, 1910, the Box Factory owned the ground lease. The Smith Realty Co. owned the fee. The building on the lot was burned. On November 30, 1910, it was agreed between the Box Factory and the Smith Realty Co. that the sum of $3,000, a part of the proceeds of the insurance on the burned building, should be deposited with the Minnesota Loan & Trust Co. and by it be invested. In the event that the Box Factory erected a new building, to cost at least $3,000, within five years, free of liens, it was to have the $3,000. It was contemplated that the insurance money might be advanced, as the building progressed, a sufficient amount being retained to protect it against liens. The Box Factory had the option to purchase the lot within five years for $3,000, using in payment the $3,000 deposited with the trust company. If a forfeiture of the ground lease was declared, the $3,000 was to be paid to the Smith Realty Co. The terms of the agreement expressly bound the assigns of the parties. The same is true of the ground lease. The court found that the Smith Realty Co. in November, 1911, served a notice which entitled it to a forfeiture of the ground lease on December 25, 1911.

In January, 1911, the Box Factory assigned to the plaintiff the ground lease upon condition that he rebuild the building free of liens by April 29, 1911. There was no other consideration for the assignment. The plaintiff knew of the agreement of November 30. It was intended that the Box Factory, upon the completion of the building free of liens, would get the $3,000.

The plaintiff allowed liens to accrue. Some were enforceable against the ground lease only and the others are not here involved. In October, 1911, an action to foreclose was commenced. Judgment was entered in September, 1912, and a sale of the leasehold interest was made for $1,122.89 and was confirmed on April 21, 1913. The Box Factory purchased the lot of the Realty Co. in October, 1912.

125 M.—14.

On May 15, 1913, it was substituted as defendant in place of the Smith Realty Co.

It is entirely clear that by the agreement of November 30, 1910, the $3,000 was pledged as security for the erection of a new building free of liens, if one was constructed. It was not intended that the Realty Co. could forfeit the ground lease, and retain the $3,000, after the construction of a building, free of liens, worth $3,000. The forfeiture which it was contemplated would give the Realty Co. the $3,000 was a forfeiture resulting from a breach of a condition of the ground lease when no building was constructed. The $3,000, by the terms of the agreement, was in effect devoted to the discharge of liens, if a building was constructed and liens accrued. The Box Factory could not use this money in purchasing the fee and evade the liens against the leasehold upon the ground of a forfeiture.

The intervenors cannot sustain the result upon the theory of an equitable estoppel, nor upon the ground of an agency relation between the Box Factory and the plaintiff, nor by the application of the principle that he who seeks equity must do equity. It is sustainable upon the ground upon which we place it.

The views so far expressed are the views of the majority of the court. The minority are of the opinion that the payment of the amount for which the property was sold was not properly made a condition to the cancelation of the ground lease; that the Box Factory, upon purchasing from the Smith Realty Co. succeeded to its rights with respect to a forfeiture; that the lien claimants had the personal responsibility of the plaintiff, and a statutory right of lien, but no equity; that so far as the $3,000 was security it was security for the benefit of the fee-owner, made so by agreement with the Box Factory; that the lien claimants were not in privity with either and the agreement was not for their benefit; that there was nothing in the situation which made it inequitable for the Box Factory to purchase of the Realty Co. and by it the lien claimants got no rights; that no correctly applied principle of law justified the requirement that the Box Factory pay the liens as a condition to the cancelation of the lease; and so they think the judgment should be reversed.

Judgment affirmed.