# THOMPSON-McDONALD LUMBER COMPANY v. EDGAR J. MORAWETZ.[1]

November 6, 1914.

Nos. 18,829—(87).

**Mechanic's lien — delivery of material.**

1. An actual delivery upon the premises of material sold and furnished a contractor for use in construction of a building thereon is not necessary, as against the owner, to vest in the materialman a right of lien under our mechanic's lien statutes.

**Same.**

2. In the absence of fraud and collusion between the materialman and the contractor, a good faith delivery of such material to the contractor for use in the building is all that is necessary to protect the rights of the materialman.

**Fraud of contractor.**

3. The owner may protect himself from fraudulent conduct on the part of the contractor by requiring a bond or other security for the payment of material purchased by him on the credit of the building and premises.

Action in the district court for Dakota county to recover judgment for $297.95 and to foreclose a mechanic's lien for the same upon the premises described in the complaint. The case was tried before Johnson, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant Morawetz appealed. Affirmed.

*Arthur M. Higgins,* for appellant.

*Josiah E. Brill,* for respondent.

BROWN, C. J.

Defendant Morawetz entered into a contract with defendant Offrell for the construction of a building upon premises owned by

[1] Reported in 149 N. W. 300.

Note.—Right to mechanics' lien for materials furnished for structure, but not actually used, see note in 31 L.R.A.(N.S.) 749.

him, Offrell agreeing to furnish all labor and material. On February 27, 1912, Offrell, the contractor, purchased from plaintiff certain material to be used in the construction of the building, of the value of $288.24, and the same was used for that purpose. On March 30, 1912, the contractor purchased other and additional material for the same use and purpose of the value of $9.71. The material so furnished was not paid for, and within 90 days from the date of the second item just mentioned, but not within 90 days from the date of the first item, plaintiff duly perfected a lien against the premises and thereafter brought this action to foreclose the same. Plaintiff had judgment and defendant Morawetz appealed.

The cause comes to this court upon the findings, the evidence not being returned, and the question presented is whether the findings of fact support the conclusions of law. Whether the conclusions of law are so supported depends upon the question, with reference to which the facts are not in dispute, whether the second item of material above mentioned was lienable under the statutes. If it was not, the lien statement was not fixed in time and the lien fails. If it was the judgment must be affirmed. The facts are in brief as follows:

The building under construction was located in Liberty Heights, in Dakota county, and plaintiff's place of business, dealer in lumber and building material, was at Minneapolis. In substance and effect the trial court found, in respect to the item of material in question, that on March 30, 1912, the contractor purchased of plaintiff and plaintiff sold and delivered to him for use in the construction of the building certain material of the value of $9.71; that the contractor ordered the material shipped to him from Minneapolis, and that in pursuance thereof plaintiff delivered the same to a common carrier consigned and to be shipped to the contractor at the place where the building was under construction; that no part of the material was delivered upon the premises or taken there by the contractor or any other person, and no part thereof was ever used in the construction of the building. What became of the material does not appear.

The contention of defendant is that as no part of the material was

used in the building, or ever delivered upon the premises where the same was being constructed, the value thereof was not a lienable item, and, further, since the lien was not perfected within 90 days from the date of the first item of material, that the court was in error in ordering judgment for plaintiff.

Our statute, section 7020, G. S. 1913, provides that whoever contributes to the improvement of any real estate by furnishing labor or material for the construction of a building thereon, whether under contract with the owner, contractor or subcontractor, shall have a lien upon the premises for the value of the labor or material so furnished. The statute, being remedial in character, has always received a liberal construction and application. Johnson v. Starrett, supra, p. 138, 149 N. W. 6; 2 Dunnell, Minn. Dig. § 6033. Similar statutes in other states have been construed strictly and the rule announced that there can be no lien for material furnished, unless it be actually incorporated in the building so as to form a part of the structure. Some of the authorities so holding are referred to by Mr. Justice Brown in the Johnson case, supra, and others, including those holding to the contrary, will be found in a note to Pittsburg Plate Glass Co. v. Leary (S. D.) 31 L.R.A.(N.S.) 746. But that rule of strict construction has never been applied in this state. On the contrary we have held that actual incorporation of the material into the building is not essential to the right of lien. Burns v. Sewell, 48 Minn. 425, 51 N. W. 224; Hickey v. Collom, 47 Minn. 565, 50 N. W. 918; Combination Steel & Iron Co. v. St. Paul City Ry. Co. 52 Minn. 203, 53 N. W. 1144. We have consistently followed this rule, and it is supported by the courts of other states having similar statutes. Whether a delivery of material upon the premises where the building is being constructed is essential to the right of lien has not heretofore been presented in a case between the owner of the property and the lien claimant. While such a delivery has been said in some of the opinions to be necessary, the question was not involved in the particular case, and the question is an open one in this state. The case of Wentworth v. Tubbs, 53 Minn. 388, 55 N. W. 543, presented a controversy between a lien claimant and a mortgagee, and involved the question whether the

lien there before the court was prior to a mortgage upon the premises, which was executed and recorded before the improvements thereon were commenced. It was held that as against the mortgagee the material must be delivered upon the premises, or the improvement be actually under way, in order that the lien may take priority over a mortgage executed before the commencement of the work. The case is not here in point. We have also held that a delivery of material upon the premises is not necessary to give life to the lien in those cases where a delivery is prevented by the owner. This includes instances where the material is specially prepared in conformity with special orders. John Paul Lumber Co. v. Hormel, 61 Minn. 303, 63 N. W. 718; Berger v. Turnblad, 98 Minn. 163, 107 N. W. 543, 116 Am. St. 353. And notwithstanding expressions found in the opinions that delivery upon the premises is usually necessary, the logical result of our decisions leads to the conclusion that, as against the owner, material sold and in good faith delivered to the contractor for use in the building entitles the materialman to a lien, whether the material be in fact delivered upon the premises or not. If it be delivered to the contractor for use in the construction work, it would seem a strain to hold, and clearly a departure from the logic of prior decisions, that the materialman is bound to follow the contractor to the premises and see to it that the material is taken to and deposited thereon. Our decisions are to the effect that if the material be in fact delivered upon the premises the subsequent act of the contractor, even though fraudulent, in removing the same and converting it to his own personal use does not defeat the lien. If such removal does not defeat the lien, it is a little difficult to understand why the failure of the contractor, to whom possession has been given, to take the material to the premises at all should defeat the lien. If in fact delivered upon the premises the contractor could, under the decisions referred to, within an hour thereafter cart it away without prejudicing the rights of the lien claimant. In view of this situation no benefit can accrue to the owner by an actual delivery upon the premises, and his possession would in no legal respect be protected thereby. If the material in a given case be delivered into the physical possession of the owner, it seems clear that

no court would hold that his failure to deliver the same upon the premises would affect the rights of the materialman.   We can conceive of no valid reason for applying a different rule where the delivery is to the contractor, the agent and representative of the owner, and for whose acts the owner is responsible to the extent at least that the premises are liable under the statutes for the value of the material so furnished.   A rule requiring the materialman to follow the material to the premises would impose upon him an unnecessary burden and result in no benefit to the owner.   In many instances material for the construction of buildings is shipped to the contractor at some distant point.   A delivery to the carrier in such case, the material being consigned to the contractor, is a delivery to the contractor, and no useful purpose would be served by requiring the materialman to dispatch a messenger with the material to see that it finally reaches the premises.   Of course fraud and collusion between the materialman and the contractor, resulting in a wrongful diversion of material, would destroy the right of lien.   But in the absence of fraud we think, and so hold, that a good faith delivery of material to the contractor is sufficient to vest the right of lien. It may at first thought seem that the owner is at a disadvantage and inadequately protected from fraud or collusion, but the matter of his protection is wholly within his own hands.   He may require of the contractor a bond as security for the payment for all material purchased for the improvement.

In the case at bar the material was delivered to a carrier, consigned to the contractor at a place where the building was under construction.   The delivery to the carrier was a delivery to the contractor, and plaintiff was not required, in order to protect his lien rights, to accompany the shipment and see that the material was actually delivered upon the premises.

Judgment affirmed.