THOMPSON LUMBER COMPANY v. PETTIJOHN PURE PRODUCTS COMPANY AND OTHERS.
DANIEL CARMICHIEL, RECEIVER OF PETTIJOHN PURE PRODUCTS COMPANY, AND PETTIJOHN PURE PRODUCTS COMPANY, APPELLANTS.[1]

December 21, 1923.

No. 23,670.

**Mechanic's lien valid for whole amount.**

In an action to foreclose a mechanic's lien, it appears that lumber and mill-work were furnished on one continuous account from December 19, 1920, to May 26, 1921. The last item, upon which the lien depends, was used on the same premises, but not on the same building or in the same undertaking for which the other materials were purchased and actually used. The plaintiff, in selling the last item, had no notice and no reason to believe that it was not for the same purpose as the preceding ones. Although the lien statement was not filed within 90 days from the last item furnished and actually used

[1]Reported in 196 N. W. 567.

in the main improvement, and because it was filed within 90 days from the last item sold, under the circumstances stated, the whole transaction being on one continuous account, *held*, following John Paul Lumber Co. v. Hormel, 61 Minn. 303, that there was a lien for the whole amount and not merely for the last item.

Action in the district court for Hennepin county to recover $3,-426.52 and to foreclose a mechanic's lien for the same. The case was tried before Baldwin, J., who made findings and ordered judgment in favor of plaintiff. From an order denying their motions for amended findings and conclusions or for a new trial, defendant receiver and defendant corporation appealed. Affirmed.

*Allen & Fletcher*, for appellants.

*Josiah E. Brill*, for respondent.

STONE, J.

This is an action to foreclose a mechanic's lien and the contest is really between plaintiff and the general creditors of the Pettijohn Pure Products Company, which is now in the hands of a receiver. Appellants insist that plaintiff has no lien except for an inconsequential item, but in the district court plaintiff was allowed a lien for the full amount of its claim.

The Pettijohn Company formerly owned a considerable property on University avenue. On the rear of the tract were two old dwellings. In the center was an office and mill building and a detached garage. Fronting on University avenue was a detached store building. On December 6, 1920, plaintiff submitted to the Pettijohn Company two estimates covering lumber and millwork to be used in the enlargement of the mill building by the addition of a "Flake Plant." That improvement was proceeded with for the Pettijohn Company by one Kirkland, a general contractor. Plaintiff's two bids on materials, that is, the two estimates, were accepted and the materials purchased by and delivered to the Pettijohn Company accordingly. In addition to the merchandise covered by the estimates, there were upwards of 40 extras of the aggregate value of $1,870.

The materials were delivered beginning December 10, 1920, and ending May 26, 1921. On April 1 and April 4 were delivered the

last materials for the "New Flake Plant," and used under the contract between the Pettijohn Company and Kirkland for its construction. If the transaction, as between plaintiff and the Pettijohn Company, had stopped there, the former would have no lien now because its lien statement was not filed until August 23, 1921, or 141 days after April 4.

On May 26, 1921, additional materials worth only $5.97 were ordered by the Pettijohn Company and delivered to it by plaintiff. It is conceded that as to that one item there is a right of lien. But it is contended that the lien right stops there; that this last purchase was a new and independent transaction in no way connected with the purchase of the material for the "Flake Plant," and that it cannot be resorted to as a means of prolonging the lien right of plaintiff in connection with the material furnished for and used therein. The lien statement, of course, was filed within 90 days after the item of May 26, 1921.

The lumber purchased on that day was procured by the Pettijohn Company and delivered to one of its employes authorized to receipt for it. It was used in making slight repairs upon the store building, the tenant of which was doing some or all of the work himself. But, so far as plaintiff is concerned, the sale of all of the materials (including the item of May 26), was one transaction continuous from beginning to end. Plaintiff had no knowledge that the items of April 1 and 4 were the last for the "Flake Plant." If it had been so informed, it is fairly safe to assume that its lien statement would have been filed within 90 days thereafter.

But, passing that as a mere incident, plaintiff did not know on May 26, when the last materials were furnished, that they were not for the main improvement which had been in the making for many months. There is not a circumstance about that last transaction to indicate to plaintiff that the additional material was not another extra to go into the work contemplated by the original estimates of December 10, 1920. So far as plaintiff is concerned, we repeat, it was one transaction and continuous from that date to May 26, 1921. In that view of the case, the decision of it is controlled by John Paul Lumber Co. v. Hormel, 61 Minn. 303, 63 N. W. 718. There, the last

item—without which there would have been no lien—was not only used in a building, but upon a tract of ground, other than that which was the subject matter of the original and main transaction. Inasmuch, however, as the plaintiff's agent believed when the last material was sold, and from the facts and circumstances had a right to believe, that it was to be used on the same building and premises where the material theretofore sold had been used; that credit was given on the strength of that belief; that the material was suitable for the purpose; and that the agent had no knowledge that it was to go elsewhere, it was held that the lien attached. The facts of this case are stronger for plaintiff because, here, the material was used on the same property.

Appellants seek to distinguish that case because we have here no finding that the item of May 26 was furnished by plaintiff in the justifiable belief that it was for the same improvement as the preceding items. True, the learned trial judge did not put his finding in just that form. But he did hold that all of the material, including the item of May 26, was furnished on one continuous account. That is the same thing, and of necessity imports the element of justifiable belief. That conclusion is irresistible because the "New Flake Plant" was the only work that plaintiff knew anything about.

In John Paul Lumber Co. v. Hormel, the vendor was excused for not knowing where the last item of his materials went because his mistake was one of fact. He was kept in ignorance by the purchaser whose conduct lulled him into the belief that all of the goods were going into the same improvement.

Fitzpatrick v. Ernst, 102 Minn. 195, 113 N. W. 4, presented a different situation. There the vendor felt that he had but one contract, whereas he had several with the same customer. Each contract stood by itself. The plaintiff's mistake was one of law rather than of fact, and, of course, he could not be protected from the results of such an error. The distinction between such a situation and the one presented by the instant case is obvious.

Returning for a moment to the facts, for 90 days after April 4, 1921, plaintiff had a lien which it might have protected by filing the statement. On May 26 additional materials were ordered. All

the circumstances justified the belief on the part of plaintiff that they were intended for the same improvement as the others. There was nothing to suggest anything else. The conduct of the Pettijohn Company amounted to such assurance. Naturally, plaintiff considered that its right to file the lien statement was, by the last purchase, continued for another 90 days. Under such circumstances, a reversal would be, we think, somewhat of a perversion of the wise purpose of the statute. In any event, it would be contrary to the rule of John Paul Lumber Co. v. Hormel, a case which cannot be distinguished in principle from this one and a decision from the rule of which we are not willing to depart.

Order affirmed.