## MOORHEAD LUMBER COMPANY v. REMINGTON PACKING COMPANY AND OTHERS.[1]

December 31, 1925.

No. 24,993.

**Lien for materials not defeated because used in another structure.**

1. The fact that materials furnished and delivered by a material-man upon an open and running account for the erection of an addition to a building are, unknown to him, used in another adjacent structure, does not defeat his right to have them adjudged a lien upon the structure for which they were furnished. The court properly found that the materials delivered on November 5, 1920, were furnished and delivered for the addition.

**Priority of materialman's lien over chattel mortgage.**

2. The one who contracted for the materials and was erecting the addition had leased the ground for a 10-year period, the lease providing for the erection of the building and consenting to the construction of the addition. The leasehold was subject to mechanics' liens, and such take precedence over chattel mortgages given and filed before the materialman began to furnish materials, but of which he had no actual knowledge.

1. See Mechanics Liens, 27 Cyc. pp. 48, 416.
2. See Chattel Mortgages, 11 C. J. p. 652, § 395; Mechanics Liens, 27 Cyc. pp. 30, 240 (Anno).

---

1. See notes in 31 L. R. A. (N. S.) 746; L. R. A. 1918D, 1041; 18 R. C. L. pp. 919-922; 3 R. C. L. Supp. p. 877.

Action in the district court for Clay county to foreclose a mechanic's lien. The case was tried before Nye, J., who ordered judgment in favor of plaintiff. Defendant national bank and defendant improvement company appealed from an order denying their motion for a new trial. Affirmed.

*William R. Tillotson* and *Marden & Stiening*, for appellants.

*Edgar E. Sharp* and *R. J. Powell*, for respondent.

[1]Reported in 206 N. W. 653.

HOLT, J.

Appeal from an order denying the motion of two defendants for amended findings or a new trial.

The action was to foreclose a mechanic's lien for materials furnished by plaintiff to the Remington Packing Company, for building an addition to its packing plant or warehouse in Moorhead. In the action the Great Northern Railway Company and the two appellants were also made defendants. The plant was erected upon the right of way of the railway company under a lease by it to the packing company, which required the plant to be built, and contained provisions under which, on specified conditions, the lessee might remove the improvements. The lease was executed in 1915 to run for 10 years, but, on August 11, 1920, another lease was executed to take the place of the first, to expire at the same time and containing provisions for a renewal for a ten-year term. To all purposes, so far as relates to this appeal, the leases are the same. When the second, or substituted lease, was made, the addition for which plaintiff furnished the materials was under way, and the lessor in the lease consented to its construction.

No lien was decreed upon the title or interest of the railway company and it is not a party to the appeal. The two defendants who do appeal contend that the lien statement was not filed in time, and that, in any event, chattel mortgages given by the packing company to them and duly filed in the office of the register of deeds, but not recorded as real estate mortgages, should have been adjudged superior and not, as was done, inferior to plaintiff's lien. The chattel mortgages were filed long before plaintiff began to furnish materials for the improvement.

The lien was filed in time if plaintiff was entitled to consider the lumber furnished November 5, 1920, as furnished under the arrangement first made with the packing company; otherwise not. The court found that all of the materials were sold and delivered to be used in the improvement and that the last items thereof were delivered on November 5, 1920. Defendants' evidence tends to show that the greater part, if not all, of the materials delivered on the last named date went to improve a silo on the same leased

property, which was not attached to the main building except by a conveyer, and that the silo was not wholly on the ground covered by the lease. We think this is immaterial. Plaintiff's manager testified that all the material was furnished and delivered on the premises for the addition contemplated to be erected when, in the spring, the packing company requested plaintiff to furnish the materials needed for the erection of the addition. There is really no evidence to the contrary. No estimate was made as to what would be required. Whenever ordered delivery was made on the premises. The materials ordered and furnished on the last mentioned date were suitable for the construction of such a frame addition as was built, and plaintiff's manager did not know that the same or any part thereof was used or was intended to be used upon the silo. All the materials were furnished upon an open running account for the construction of the addition. We consider Thompson Lbr. Co. v. Pettijohn P. P. Co. 157 Minn. 404, 196 N. W. 567, decisive of this case in favor of plaintiff. See also Thompson-McDonald Lbr. Co. v. Morawetz, 127 Minn. 277, 149 N. W. 300, L. R. A. 1915E, 302; Henry Simons Lbr. Co. v. Schnobrich, 159 Minn. 116, 198 N. W. 406. Furthermore, the silo may be considered a part of the plant for the improvement of which the material was furnished and delivered.

No doubt the leasehold interest of the packing company in the premises was subject to mechanics' liens as real estate. In section 8492, G. S. 1923, it is provided that the lien "shall extend to all the interest and title of the owner in and to the premises improved." The packing company was the owner of the leasehold and the structures it thereon erected and improved. Section 8504 also impliedly recognizes that the interest of a lessee is lienable, for it provides that when a foreclosure sale is made of a leasehold of which the unexpired term is no more than two years, the sale is absolute, there is no redemption. Madler v. Twin City Box Factory, 125 Minn. 207, 145 N. W. 1072, involved mechanics' liens established against a leasehold interest. The structures, including the addition in question, were real estate and not personal property. It was only in certain specified contingencies that the lessee was by the lease given the right to sever the improvements from the land.

St. Paul Trust Co. v. U. S. Cereal Co. 165 Minn. 252, 206 N. W. 385, is in point that buildings and improvements, constructed by the packing company here, became realty, except as to rights that may have been reserved as between the parties to the lease. It follows that the land, with the buildings erected thereon, being to all intents and purposes real estate, plaintiff was not bound by constructive notice of encumbrances placed thereon by the packing company unless the same were recorded in the mode prescribed for the recording of real estate conveyances or mortgages. The appellants' mortgages are in terms chattel mortgages and were filed as such. No actual notice of appellants' mortgages or of the assignment of the lease by the packing company to the appellant bank was shown to have been had by plaintiff. The packing company was in possession, and plaintiff's manager testified he had no notice or knowledge of the claims of either appellant. Except as between the parties to the chattel mortgages and those cognizant thereof, no one could consider the improvements and structures on these premises personal property.

The case cited by respondent viz: N. W. L. & W. Co. v. Parker, 125 Minn. 107, 145 N. W. 964, is not squarely in point, for the record therein discloses that the chattel mortgage was not filed until after the lien right accrued. But, as stated, the packing company's interest and estate in the property was an interest in real estate; the mechanic's lien of plaintiff attached to all the interest the packing company had therein as real estate; the chattel mortgages of appellants' did not in terms cover any interest in lands and, being filed as chattel mortgages only, cannot charge plaintiff, a subsequent encumbrancer, with constructive notice. Indeed, the testimony of plaintiff's manager was that he rested under the belief all the time the materials were being furnished that the packing company owned the ground on which the buildings were, and presumably did not discover the contrary until the attorney looked up the title when preparing the lien statement.

The order must be affirmed.