## BOTSFORD LUMBER COMPANY v. PHOEBE M. FULLER AND OTHERS.[1]

January 28, 1927.

No. 25,854.

**Foreclosure of mechanic's lien not controlled by section 9199 and was begun within statutory time.**

In an action to foreclose a mechanic's lien, *held*:

(1) Amendment to complaint was properly allowed as relating to an inaccuracy in the lien statement.

(2) Such lien must be asserted within one year after the date of the last item. The action is not controlled by G. S. 1923, § 9199, which says an action is begun when the summons is put in the hands of the officer for service.

(3) The evidence supports a finding that one contract embraced materials for different farm improvements and thereunder materials were furnished and delivered from time to time as needed, on one continuous account, in good faith and in the justifiable belief that it was for the

[1]Reported in 212 N. W. 22.

improvements planned. Failure to use a part of such material for the purpose for which it was sold does not destroy the lien.

(4) Such improvements were on a 320-acre farm. Upon the facts stated in the opinion a finding that the lien was limited to a particular 40 acres of the farm was without prejudice.

(5) The lien was seasonably filed and the action commenced within the statutory period.

Mechanics' Liens, 40 C. J. p. 84 n. 52; p. 385 n. 21; p. 391 n. 95; p. 448 n. 41; p. 474 n. 13, 17; p. 486 n. 90; p. 495 n. 62.

See 18 R. C. L. 945; 3 R. C. L. Supp. 883; 5 R. C. L. Supp. 1014; 6 R. C. L. Supp. 1094.

Defendants Phoebe M. Fuller, Willard Fuller, Benjamin Fuller, and Robert Fuller appealed from an order of the district court for Redwood county, Tifft, J., of the Eighth judicial district acting for a judge of the Ninth judicial district, denying their motion for a new trial. Modified and affirmed.

*C. A. Pidgeon,* for appellants.

*A. R. A. Laudon,* for respondent.

WILSON, C. J.

Appeal by defendants Fuller from an order denying a motion for a new trial. Plaintiff prevailed in an action to foreclose a mechanic's lien.

The lien says the amount claimed is due for material furnished by plaintiff "for use in the repair and construction of hog houses, fences and barn" on the premises described as 320 acres of land, and as to 40 acres thereof it was sustained.

(1) Upon the trial the testimony disclosed that the transaction included drainage and plaintiff's motion to amend the complaint to include "tile for drainage improvement" was granted over defendant's objection. This is assigned as error. The omission of this one item of the several items of the material furnished amounts to no more than an inaccuracy within the meaning of G. S. 1923, § 8558. The amendment which was proper did not increase the

amount claimed in the lien. Atlas Lumber Co. v. Dupuis, 125 Minn. 45, 145 N. W. 620; Dun. Dig. § 6033.

(2) The lien statement gave the last item of plaintiff's contribution to the improvement as of April 1, 1920, which is confirmed by the bill of particulars. Notice of lis pendens was filed March 26, 1921. Summons was served on defendant Benjamin Fuller on April 7, 1921. He defaulted. At the trial he appeared specially and moved to strike the complaint from the files because the action was not brought against him within one year from the date of the last item. Plaintiff contends that the action is commenced as to each defendant when the notice of lis pendens is filed and the summons is placed in the hands of the sheriff for service, as indicated by G. S. 1923, § 9199. This is not the rule. In actions of this character which are governed by the specific limitation of one year as stated in G. S. 1923, § 8501, the general statute has no application. Thompson Yards, Inc. v. Standard Home Bldg. Co. 161 Minn. 143, 201 N. W. 300. The request to strike the complaint from the files was properly denied. But defendant Benjamin Fuller in his motion for a new trial challenged the power of the court to subject his interest in the real estate involved to a lien. The trial court found that defendants Fuller were copartners doing business as P. M. Fuller & Sons. It is claimed that because service was made on the other partners the partnership was in court. Grant that, it does not appear that the land was a part of the partnership assets. It follows that, in so far as the order for judgment impresses a lien upon his interest in the real estate, it is reversed with directions to free such interest in the real property from any lien. The order for personal judgment will stand.

(3) The indebtedness was incurred between January 7, 1919, and April 1, 1920, inclusive. One of the defendants, Willard Fuller, told plaintiff's manager that they were going on with some improvements, among others a hog house, a little drainage work, that he wanted some woven wire for fencing and he was told to take the stuff as needed. He did so. Defendants Fuller owned a 320-acre farm, 80 acres of which were owned by the three sons subject to the mother's life estate, one-third of the balance by the mother and two-thirds

by the sons. The trial court found that all of the materials involved were sold and delivered to be used, and were in fact used, in the repair and construction of hog houses, fences and barn upon the southeast quarter of the southeast quarter of sec. 34-113-36, and that such materials were furnished and delivered from time to time as needed, on one continuous account, in good faith and in the justifiable belief that they were for the improvements planned and not otherwise. The evidence permits this finding. The appellants claim the improvements were separate and each involved a separate contract. They attempt by this process of reasoning to reach the conclusion that more than 90 days had run as against some of the contracts when the lien was filed. They invoke the doctrine of Benjamin v. Wilson, 34 Minn. 517, 26 N. W. 725; Frankoviz v. Smith, 34 Minn. 403, 26 N. W. 225; Fitzpatrick v. Ernst, 102 Minn. 195, 113 N. W. 4; American Bridge Co. v. Honstain, 120 Minn. 329, 139 N. W. 619. But by the findings of the trial court this case comes within the rule of John Paul Lumber Co. v. Hormel, 61 Minn. 303, 63 N. W. 718; Thompson Lbr. Co. v. Pettijohn P. P. Co. 157 Minn. 404, 196 N. W. 567, and Carr-Cullen Co. v. Cooper, 144 Minn. 380, 175 N. W. 696. If some of the items were actually used by the purchaser for purposes other than for which they were sold unbeknown to the lien claimant, the lien is not destroyed. Moorhead Lumber Co. v. Remington Packing Co. 165 Minn. 411, 206 N. W. 653; Lamoreaux v. Andersch, 128 Minn. 261, 150 N. W. 908, L. R. A. 1915D, 204.

(4) It is claimed that the evidence does not support the findings of the trial court that the materials were used on the particular 40 acres specified. Indeed there is some evidence to indicate that some of the tile was not used on the 40. But under the findings the payments could be applied on the tile. We do not appreciate any prejudice to appellants by this finding. The answering defendants admit they purchased the material at the times alleged in the complaint. They made no effort to show, and do not now assert, that there was any error because of its use on some other tract. We see no reason why the claimant might not have been allowed to impress a lien upon more than 40 acres since the court might well have

found that G. S. 1923, § 8498, was applicable. S. H. Bowman Lbr. Co. v. Piersol, 147 Minn. 300, 180 N. W. 106.

(5) It is claimed the lien was not filed in time and that the last item was in September, 1919. The court found the last item to be April 1, 1920. The bill of particulars contains quite a number of items between these dates. The fact that plaintiff's witnesses testified that they did not know what use was made of such items is not important. The fact that they were a part of the continued scheme of improvement for which they were sold is important. This also disposes of the claim that the action was not brought within one year from the date of the last item.

The order is affirmed, except that it is modified as herein indicated as to the real estate of Benjamin Fuller.