## LAKE STREET SASH & DOOR COMPANY v. D. H. EVANS COMPANY.[1]

June 10, 1932.

No. 28,937.

*Kelly, Berglund & Johnson,* for appellant.
*L. A. Hubachek* and *A. X. Schall, Jr.* for respondent.

HOLT, J.

Plaintiff appeals from the order denying its motion for a new trial.

The action is to foreclose a mechanic's lien. A lien was refused because not filed within 90 days after the last item was furnished. A personal judgment was ordered against defendant Gust Johnson, who erected a duplex on a lot owned by his wife, the premises being known as 4646 France avenue in the city of Minneapolis. It appears that when this building was started an estimate of the millwork specified for use therein was made by plaintiff, which agreed to furnish the same for a price named. During the erection a few changes such as commonly occur in the erection of buildings were made, and some materials were returned or credited on the estimate. Of the items contained in the estimate the last were furnished and delivered on January 14, 1930, and consisted of two garage doors, there being a double garage connected with the duplex. The duplex

[1]Reported in 243 N. W. 110.

was so far completed that before the eighth of March, 1930, tenants occupied both the upper and lower apartment. On the 13th of March the Johnsons conveyed the premises to respondent, and its deed was recorded on the 18th of that month. On April 4, 1930, plaintiff claims that it furnished for the improvement of the duplex a door and wall rail priced at $5.75. It filed its lien claim June 13, 1930. The findings decisive of this appeal, if they have sufficient support in the evidence, are:

No. 3, to the effect that between September 7, 1929, and January 14, 1930, plaintiff sold, furnished, and delivered sash doors and millwork to defendant Gust Johnson of the reasonable value and agreed price of $1,396, for the construction of duplex at 4646 France avenue;

also No. 6, reading:

"That thereafter, to-wit, on or about the 4th day of April, 1930, plaintiff sold and delivered to the defendant Gust Johnson certain building material, to-wit, one 5-panel 2′ 6″ by 6-6 x 1⅜ fir door and one 12-ft. birch wall rail of the fair and reasonable value of five and 75/100 dollars ($5.75); but the items mentioned in this paragraph were not included in and formed no part of the previous estimate of requirements hereinbefore referred to; and were not used in or intended for the premises described in the complaint in this action; and said materials were in fact delivered to 4628 France avenue."

It is clear that by these findings the court determined that only the materials furnished on and prior to January 14, 1930, and of the reasonable value and agreed price of $1,396, were furnished by plaintiff for this building, and that the door and wall rail were not so furnished nor delivered to nor used therein, though sold and delivered to Gust Johnson. If the evidence supports the court in that determination, the lien which plaintiff had for the material furnished on and prior to January 14, 1930, was lost, the claim therefor being filed too late, and there being no right to a lien on these premises for the door and wall rail sold and delivered at 4628 France avenue on April 4, 1930.

Plaintiff moved for amended findings to the effect that the door and wall rail were sold and furnished for this duplex, but the motion was denied. Counsel concedes that he must convince this court either that the evidence demands the finding requested or that the contrary finding above quoted is not sustained by the evidence. It is claimed that there is no evidence contradicting plaintiff's that on April 2 Gust Johnson ordered the door for an opening he intended to make in the basement of 4646 France avenue and the wall rail for a stairway therein; that this is corroborated by the sales slip that day made out for these items to 4646 France avenue at the same time, and on the same slip were two sets of garage doors ordered for 5301 Ewing avenue; that Johnson's testimony that he never ordered or bought this door or wall rail should be disregarded because he swore falsely to an affidavit that he had paid for all materials and labor in the duplex when he sold it to respondent; and that the court deemed Johnson falsified when he testified that he did not buy or order these items, for a recovery was allowed therefor against him personally. There are other facts brought out in this record which the trial court could consider upon the question whether the door and wall rail were in good faith furnished by plaintiff for the erection of duplex 4646 France avenue. The proof is rather conclusive that by January 14, 1930, plaintiff had furnished every item of the materials it was to furnish in the construction except two garage doors, which were furnished on the 14th of January, and prior to last named date the carpenters had properly affixed all the materials so furnished to the building except the garage doors. Plaintiff's shipping clerk testified that when he sent out this door and wall rail on April 4 he had in mind that plaintiff had long prior thereto completed its contract for the construction of this building. These small items, sold more than two and a half months after plaintiff knew that its contract with Johnson upon this construction was completed, should require some caution or care to ascertain whether they were in fact needed for that construction. It is conclusively established that neither the door nor wall rail was used in this duplex, and the evidence is

convincing that plaintiff delivered these items to 4628 France avenue. The delivery was by plaintiff's trucker. It is not a case where the contractor diverted the materials to other premises so as to come under Burns v. Sewell, 48 Minn. 425, 51 N. W. 224.

Plaintiff cites and relies on the following decisions: American Bridge Co. v. Honstain, 120 Minn. 329, 139 N. W. 619 (the finding was that the last item was furnished and incorporated in the building in order to complete the job of the contractor); Minneapolis S. & D. Co. v. Hedden, 131 Minn. 31, 154 N. W. 511 (the finding was that a drain board, though by mistake delivered to an adjacent building and lost, was in fact furnished for the construction of the building on which the lien was asserted and therefor lienable); Paine & Nixon Co. v. Dahlvick, 136 Minn. 57, 161 N. W. 257 (the finding was that the last materials were furnished under a contract for an improvement not contemplated when the first materials were furnished, and hence a lien statement filed more than 90 days after the first materials were furnished was effective only as to the last materials); Thompson Lbr. Co. v. Pettijohn P. P. Co. 157 Minn. 404, 196 N. W. 567 (the findings were that plaintiff in good faith furnished certain materials for a factory building situate on a certain plot of ground, but that part of it was used to repair a store building upon the same plot); Lampert Lbr. Co. v. Jeppeson, 166 Minn. 84, 207 N. W. 22 (the finding was that all the materials furnished were needed in the construction of the building and improvements, and that the first estimate was not adequate to complete the building). It will be noted that in the cases mentioned, except the one of Paine & Nixon v. Dahlvick, 136 Minn. 57, 161 N. W. 257, the findings were in favor of the lien claimant, who in good faith had furnished the materials for the construction against which the lien was filed and asserted. In some of the cases the material furnished was actually delivered on the premises by the lien claimant and actually used therein.

In this case, as already stated, plaintiff's shipping clerk doubted whether the door and wall rail could be intended for this duplex, which he understood had been completed as far as plaintiff could

furnish material therefor. The court was not bound to conclude that plaintiff in good faith furnished this door and wall rail for this building, or that it had reasonable grounds to believe that the same were to be used therein. It was over two and a half months after all the materials which it had planned should enter that construction, according to its estimate, had been delivered. At the time Gust Johnson was building other buildings in the vicinity of this—one at 4628 France avenue and one at 5301 Ewing avenue—and obtaining his millwork for such buildings from plaintiff. His credit was apparently good with plaintiff, and there is no suggestion that he should need to use subterfuge to obtain two items worth $5.75. He did not need these items for 4646 France avenue. He and respondent had agreed when the duplex was sold in March to do certain things thereon, which were specified in writing. But the use of this door or wall rail is not in the writing. The court could conclude that there was some mistake on the sales slip, for it is almost conclusively shown that plaintiff's servant in delivering these items according to plaintiff's directions did deliver the same not to 4646 France avenue but to 4628 France avenue. We think there is evidence to sustain the finding, paragraph 6 above quoted, so that under established practice this court cannot disturb it. We do not overlook the well settled law in this state that if material is sold and in good faith delivered to a contractor for use in the construction of a building the materialman has a lien therefor even though the contractor should fraudulently remove the same to some other building or the material should never reach its destination or be incorporated in the building for which it was sold. John Paul Lbr. Co. v. Hormel, 61 Minn. 303, 63 N. W. 718; Thompson-McDonald Lbr. Co. v. Morawetz, 127 Minn. 277, 149 N. W. 300, 6 L. R. A. 1915E, 302; Moorhead Lbr. Co. v. Remington P. Co. 165 Minn. 411, 206 N. W. 653. Neither do we gather from this record that the trial court was not mindful of the law of these last cited cases. The quoted finding of fact being decisive of the appeal, no other question presented need be considered.

The order is affirmed.