# HENNEPIN LUMBER COMPANY v. ALBERT L. PEDERSEN and Others.[1]

May 17, 1912.

Nos. 17,538—(94).

**Mechanic's lien.**

Action to foreclose a mechanic's lien. The evidence showed the house was practically completed in December, and the owner settled with the contractor, retaining about $60 to pay for screens which were delivered in February. In April the contractor ordered of plaintiff four small boards which were not needed. They were thrown down at the side of the house and left there, but afterwards taken away. The lien statement was filed July 6. *Held:* The trial court was fully justified in finding that the house was completed on January 20, that the delivery of the boards was an independent transaction between the contractor and plaintiff, and the lien was not filed within ninety days after the last item was furnished. [Reporter.]

Action in the district court for Hennepin county to recover $406.07; that the amount be adjudged to be a lien from and since June 18, 1909, against the premises superior and paramount to the claims of defendants therein and that the premises be sold to satisfy the lien. When plaintiff rested defendant moved that the action be dismissed. The motion was overruled. The case was tried before Hale, J., who made findings and as conclusions of law found that the lien right of plaintiff had expired on July 6, 1910, and that defendant Albert L. Pedersen

[1] Reported in 136 N. W. 1134.

was entitled to the decree of court that the lien statement be discharged from the records. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Walter Holsinger,* for appellant.

*Alvord C. Egelston* and *Edward T. Teitsworth,* for respondent.

PER CURIAM.

This action was brought to foreclose a mechanic's lien for materials furnished in the erection of a house. The defense was that the lien was not filed within ninety days after the last item was furnished. The trial court upheld this defense and decided the case for defendants. Plaintiff appealed from the judgment entered pursuant to this decision.

The case was correctly decided. The evidence showed that the house was practically completed in December, 1909. The owner settled with the contractor and occupied the house. He retained about $60 to pay for screens which the contractor delivered in February. On April 9, eleven days before the time for filing a lien expired the contractor ordered and plaintiff delivered to the premises four small boards. The evidence is clear that they were not needed; they were thrown down by the side of the house and left there, but afterwards taken away. The date when the last item of materials was furnished was January 20. The lien statement was filed July 6. The trial court was fully justified in finding that the construction of the house was fully completed January 20, and that the delivery of the boards in April was an entirely independent transaction between plaintiff and the contractor.

Judgment affirmed.