# W. B. MARTIN LUMBER COMPANY v. DeWAYNE E. NOSS AND OTHERS.

99 N. W. (2d) 65.

October 30, 1959—No. 37,693.

*Douglass, Sheets & Bell, James F. Greenstein,* and *James R. Bell,* for appellants.

*R. Edison Barr,* for respondent.

FRANK GALLAGHER, JUSTICE.

Appeal from a judgment of the district court.

The action was brought by plaintiff, W. B. Martin Lumber Company, hereafter referred to as the lumber company, to foreclose a mechanics lien of $1,241.83 against certain property owned by defendants DeWayne E. Noss and his wife. In April or May 1956, the Nosses arranged with codefendant E. F. Kressin, d.b.a. Kressin Construction Company, hereafter referred to as Kressin, to erect a home for them. Materials were delivered on various occasions between May 22 and September 12, 1956, by the lumber company. A delivery of two pairs of shutters on November 21, 1956, some 70 days after September 12, gives rise to the issue in this case.

Kressin ordered the shutters shortly before November 21, 1956, and a receipt initialed by him indicates that two pairs of shutters were delivered on that date. The mechanics lien statement was filed February 14, 1957. This was more than 90 days after the September 12 delivery but less than 90 days from the November 21 delivery.

The trial court found, among other things, that the lumber company, between August 27 and November 21, 1956, had furnished and delivered on the premises lumber and material for the improvement of the Noss home, at the instance and request of Kressin, the agent and contractor for Noss; that the reasonable value of said lumber and material was $1,324.42, of which sum $82.59 had been credited for returned items, leaving a balance unpaid of $1,241.83; and that on February 14, 1957, within 90 days after the last item was furnished by the lumber company, it filed a duly certified mechanics lien for the balance due. The court ordered judgment in favor of the lumber company and against Kressin in the sum of $1,241.83 and decreed said judgment to be a specific lien on the Noss home. The Nosses appealed from the judgment entered.

M. S. A. 514.08 provides:

"The lien shall cease at the end of 90 days after doing the last of such work, or *furnishing the last item of such skill, material, or*

*machinery,* unless within such period a statement of the claim therefor, be filed for record * * *." (Italics supplied.)

In view of the statute the sole issue presented is whether the delivery of the shutters on November 21, 1956, was sufficient to extend the time for filing a lien to 90 days after that date rather than 90 days subsequent to the last previous delivery on September 12, 1956.

As a basis for its decision the trial court in its memorandum indicates in substance: (a) That although a hardship is created upon the Nosses the lumber company had a right to rely upon the orders for supplies placed by Nosses' contractor and was not required to verify each item with the owner unless it clearly appeared there was connivance to defraud the owner; (b) that there was no such connivance at the expense of the Nosses when the shutters were ordered and delivered inasmuch as the 90 days for filing the lien after the September 12 delivery had not yet expired, and even if there had been connivance it would not have prejudiced the Nosses as they had already made payment in full to Kressin on or about October 1, 1956; and (c) that although the lumber company had furnished the original plans, which did not include the shutters, the items were of such a nature that it was reasonable for the lumber company to believe that Noss had ordered them.

We agree with the trial court that a materialman should not ordinarily be obliged to verify each item furnished with the owner. In Burns v. Sewell, 48 Minn. 425, 51 N. W. 224, this court stated that ordinarily the one who accredits the contractor and enables him to purchase on the credit of the building and land should be the one to suffer, rather than the innocent seller of the material. Again this theory was reiterated in Berger v. Turnblad, 98 Minn. 163, 107 N. W. 543, when we held that the right of an innocent mechanic or materialman to a lien cannot be impaired by the wrong or fraud of the contractor in which a mechanic or materialman in no manner participated.

We cannot agree, however, that the foregoing cases establish a rule that *only* clear connivance between the materialman and contractor to defraud the owner would require the materialman to verify

with the owner. We are of the opinion that circumstances could exist which would charge a materialman with notice that the contractor ordering the material was misrepresenting the need for the material or the wishes of the owner; such a situation might deprive the materialman of his right to rely on the contractor so as to require him to verify the orders with the owner even though no clear connivance was found to exist between him and the contractor. Each case must stand on its own facts.

In Villaume Box & Lbr. Co. v. Condon, 146 Minn. 156, 178 N. W. 492, this court reversed the trial court's order denying the homeowner a new trial. The reversal was on the grounds that the record failed to support a finding that storm sash for a sun porch were furnished in accordance with the original contract for the construction of a house. There the contractor had ordered the sun porch storm sash and told the materialman that they constituted extras for the house. The opinion pointed out that it was uncontradicted that the house was totally completed when the defendant owner moved in approximately 2 months prior to the time the porch storm sash were furnished. Further, in that case the materialman had seen the specifications and was chargeable with notice that the porch storm sash were not included in the original contract, because the record did not show any express or implied agreement to furnish materials outside of the specifications.

The Villaume case is distinguishable from the instant case. Here the testimony is conflicting as to when the Noss home was completed. In both cases the materialman had seen the plans and specifications, but the evidence in the Villaume case did not show any express or implied agreement to deliver outside the specifications whereas here the record shows that other material had been delivered which was not in the specifications, indicating at least an implied agreement to furnish materials outside of the specifications. As a result the lumber company would not have cause to be suspicious when the shutters were ordered.

Although the order was placed by Kressin pursuant to a call from George T. Martin, the secretary-treasurer of the lumber company, and the questions of lien rights and extensions were discussed at that time,

such a call, prior to the expiration of the 90 days, was normal business practice, according to Martin, to determine if any further material was needed. That discussion of lien rights and extensions would not of itself deprive the lumber company of its right to rely on the representations of Kressin regarding the need for the shutters.

While we conclude that clear connivance is not necessarily essential, the trial court must be affirmed since under the foregoing circumstances the lumber company had a right to rely on the order of Kressin, as indicated by the trial court in its memorandum.

Appellants also contend that a materialman cannot extend the time for filing a lien by delivering insignificant items after the contract is substantially completed and cites Guy T. Bisbee Co. v. Granite City Investing Co. 159 Minn. 442, 199 N. W. 17, and Hennepin Lbr. Co. v. Pedersen, 117 Minn. 534, 136 N. W. 1134. The assertion is correct if, as the Bisbee case states, the *sole* purpose and motive of delivering insignificant items is to continue or revive the lien. However, that does not appear to have been the situation here inasmuch as the lumber company had a right to rely on Kressin's representation that the shutters were needed. The fact that the shutters were insignificant in relation to the value of the total material delivered is not conclusive with regard to extending the time for filing the lien.

Hennepin Lbr. Co. v. Pedersen, *supra,* a per curiam opinion, upheld the trial court's finding that the delivery of four boards, eleven days prior to the termination of the time to file a lien, constituted an independent transaction between the materialman and contractor. We do not regard the case as controlling in view of the nature of the materials and the fact that the building had been completed approximately three months prior to the delivery of the four boards.

While we do not like the results of the case so far as the owners of the property are concerned, we are powerless under the record here to change the situation. This is a definite case where the owners should have sought advice from their attorney or financier before making final payments to the contractor without first obtaining lien waivers from materialmen and laborers. Much grief and litigation might be avoided if owners would take this simple precaution.

Affirmed.