George E. KOZA, Appellant,

v.

RYAN DEVELOPMENT, INC.,
Respondent,

Wisconsin Country Stone, Inc., et al., Defendants,

First Federal Savings and Loan Association of Grand Rapids, First National Bank of Minneapolis, Respondents.

No. C3–85–1890.

Court of Appeals of Minnesota.

March 25, 1986.

Review Denied May 29, 1986.

**234**

Richard W. Johnson, Grand Marais, for appellant.

Richard J. Leighton, Duluth, for respondent Ryan Development, Inc.

Steven C. Fecker, Grand Rapids, for respondent, First Federal Savings and Loan Ass'n of Grand Rapids.

Craig D. Diviney, Minneapolis, for respondent, First Nat. Bank of Minneapolis.

Heard, considered and decided by LESLIE, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant George Koza brought this action to foreclose a mechanic's lien against respondent Ryan Development, the owner and general contractor for a construction project in Lutsen, Minnesota. Koza sought to recover four months in rental charges for machinery he leased to C & H Contracting, Inc., a subcontractor on the project. The trial court ordered judgment for Koza, but limited the award to one month's rental of the machinery on the grounds that the machinery only contributed to the improvement of the real estate during one of the four months. We reverse.

## FACTS

Respondent Ryan Development, as general contractor, entered into a subcontract agreement with C & H Contracting, Inc. (C & H) for the installation of sewer and water lines on a project in Lutsen, Minn. C & H agreed to pay for all equipment used in connection with performance of the subcontract and agreed to hold Ryan harmless from all claims and mechanic's liens arising out of C & H's failure to pay for the equipment. C & H was paid in full by Ryan for all the work it performed.

C & H rented a backhoe from appellant George Koza for $5000 per month for use on the project. C & H began work in November 1981 and paid Koza for the rental through March 1982. The backhoe sat unused on the project site in April, May, and June. In July, C & H returned to the project site and used the backhoe on the project during that month. C & H did not pay Koza for rental of the backhoe for any of those four months. C & H returned the backhoe to Koza in September 1982.

Koza timely filed a mechanic's lien for $20,000 in August 1982. In May 1983, he filed suit to foreclose the lien. C & H was also a defendant in the suit. The trial court found that Koza was entitled to rent for the months of April through July and, based on the contract between C & H and Koza, awarded judgment against C & H in the full amount of Koza's claim. However, the trial court found that Koza was entitled to a mechanic's lien against Ryan only for July, because the backhoe did not contribute to the improvement of the real estate during the other three months.

## ISSUE

Where appellant furnished machinery for the improvement of real estate, but because of a third party's conduct the machinery did not continuously contribute to the improvement of the real estate, is appellant entitled to a mechanic's lien?

## ANALYSIS

The mechanic's lien statute provides in relevant part:

> Whoever * * * contributes to the improvement of real estate by * * * furnishing * * * machinery * * *, whether under contract with the owner of such real estate or at the instance of any * * subcontractor of such owner, shall have a lien upon the improvement, and upon the land on which it is situated * * *.

Minn.Stat. § 514.01 (1984). The statute is remedial in nature and should be liberally

construed so as to protect the rights of those who furnish material or services for the improvement of the property of another. *Albert & Harlow, Inc. v. Great Northern Oil Co.,* 283 Minn. 246, 250, 167 N.W.2d 500, 504 (1969). If a construction of the statute that will sustain the lien is permissible, it is to be preferred to one that will invalidate it. *Armco Steel Corp., Metal Products Div. v. Chicago & N.W. Railway Co.,* 276 Minn. 133, 138, 149 N.W.2d 23, 26 (1967).

 The statute expressly provides liens for both those whose contribution is made under a contract with the property owner and those whose contribution is at the instance of a subcontractor. *See* Minn. Stat. § 514.01. If an owner complains that there was no contribution to the improvement of the real estate but the supplier has furnished materials, the supplier's lien is upheld. *See Dunham Associates, Inc. v. Group Investments, Inc.,* 301 Minn. 108, 118, 223 N.W.2d 376, 383 (1974) (as against an owner, a lien may attach for material not actually used on the premises).

The language of the lien statute allows for a lien without an actual improvement to the property. *Lamoreaux v. Andersch,* 128 Minn. 261, 266, 150 N.W. 908, 910 (1915). The *Lamoreaux* doctrine has been used to protect architects who contracted with owners who refused to pay when buildings were never actually constructed. *Burner v. Northwestern Bible and Missionary Training School,* 161 Minn. 480, 201 N.W. 939 (1925).

 Supplier's liens have been upheld where the owner abandoned the improvement, as in *Dunham,* and where the acts of an intermediary subcontractor prevented the materials from contributing to the property's improvement. *See W.B. Martin Lumber Co. v. Noss,* 256 Minn. 471, 473, 99 N.W.2d 65, 67 (1959) (the right of an innocent mechanic or materialman to a lien cannot be imparied by the wrong or fraud of the contractor in which a mechanic or materialman in no manner participated).

The present case falls into the category of cases described in *W.B. Martin Lumber Co.* As long as Koza's contribution was made in good faith, Koza will not be forced to bear the risk that the lessee of his equipment did not continue to use the equipment to contribute to the improvement of the real estate. *See Thompson-McDonald Lumber Co. v. Morawetz,* 127 Minn. 277, 279–80, 149 N.W. 300, 301 (1914). In *Thompson-McDonald Lumber Co.,* the supreme court held that after a materialman had delivered materials to the contractor, he was not bound to follow the contractor and see to it that the material was in fact delivered to the construction site. The court held that such a rule "would impose upon [the materialman] an unnecessary burden and result in no benefit to the owner." *Id.* at 281, 149 N.W. at 301. Similarly, a rule requiring Koza to monitor C & H's use of the rented machinery would impose an unfair burden upon Koza and others like him who furnish machinery for construction projects. The suspension of work without any fault on Koza's part should not have the effect of depriving him of his lien. *See Knight v. Norris,* 13 Minn. 473, 476 (Gil. 438) (1868).

It is more appropriate here to place the risk upon Ryan, which could have but did not require C & H to provide bond or other security for payment of the rental agreement to protect itself from potential wrongful conduct on the part of C & H. *Thompson-McDonald Lumber Co.,* 127 Minn. at 281, 149 N.W. at 301. This conclusion is especially compelling here, where Ryan was the general contractor as well as the landowner, so that he had an identified supervisory role toward C & H, its subcontractor.

In a 1969 case, the supreme court held that

the burden upon one seeking to establish a right to a lien is three-fold: He must show that the real estate has been improved, that he supplied labor or materials, and that the labor or materials were supplied for one of the purposes stated in the statute.

*Anderson v. Breezy Point Estates,* 283 Minn. 490, 494, 168 N.W.2d 693, 696 (1969).

The requirement of showing that the real estate has been improved does not overrule the rule in *Lamoreaux* and the line of cases decided under it that no actual improvement is necessary in order to establish a lien for a good faith supplier. As stated in *Dunham,*

> [i]t is obvious that the decision in *Anderson* is based upon the premise that the work done did not come within one of the purposes enumerated in our lien statute. That is not true here. If the services of plaintiff are lienable, these services do come within the enumeration of purposes for which a lien may attach under our statute, that is, they were intended to prepare plans for the erection of a building. As a result, *Anderson v. Breezy Point Estates,* * * * which does not even mention *Lamoreaux v. Andersch,* * * * can hardly be held to have overruled it.

*Dunham,* 301 Minn. at 116, 223 N.W.2d at 382. The holding in *Dunham* is equally applicable here, where Koza's contribution comes within one of the purposes enumerated in the lien statute. Furthermore, even if *Anderson* could be read to require a showing that the real estate has been improved, that requirement is not decisive here, since C & H used the machinery on the improvement for several months prior to ceasing work as well as in July when C & H renewed work on the project.

### DECISION

The trial court erred in denying appellant a mechanic's lien for the full amount of the rental cost for the machinery he furnished for the improvement of respondent's real estate.

Reversed.