E.H. RENNER & SONS, INC., Plaintiff,

v.

SHERBURNE HOMES INC., et al., Defendants,

Builders Development & Finance, Inc., Respondent,

Standard Lumber Company, Appellant.

TAPPERS INC., d/b/a Genereaux Fine Wood Products, Plaintiff,

v.

Joseph A. GRAMSTAD, d/b/a Sherburne Homes, Inc., et al., Defendants.

No. C2–90–423.

Court of Appeals of Minnesota.

July 24, 1990.

Bradley N. Beisel, Scholle & Scholle, Ltd., Minneapolis, for respondent.

Mark A. Merchlewitz, Benson & Merchlewitz, Winona, for appellant.

* Acting as judge of the Court of Appeals by ap-

Considered and decided by FORSBERG, P.J., and KLAPHAKE and MULALLY,* JJ.

## OPINION

EDWARD D. MULALLY, Acting Judge.

This lawsuit arises out of a mechanics' lien foreclosure action involving two separate parcels of real estate. Appellant Standard Lumber Company claims the mechanics' liens have priority over the mortgage of respondent Builders Development & Finance, Inc. The trial court concluded the mechanics' liens did not have priority since the work of Valley Paving was not the actual and visible beginning of the improvements on the real estate. Standard Lumber appeals, arguing the work performed by Valley Paving constitutes one development scheme and therefore was the actual and visible beginning of the improvement. We disagree and affirm.

## FACTS

The property involved in this lawsuit are lots 4 and 5 in the Northfork Subdivision in Anoka County. The land was developed by Northfork, Inc. and purchased by Sherburne Homes on October 10, 1986 and April 3, 1987. Sherburne Homes purchased the property to construct residential dwellings for resale to the public. The purchase and construction of the houses was financed by respondent Builders Development & Finance, Inc. Mortgages were recorded on October 10, 1986 and April 3, 1987.

Sherburne Homes purchased the parcels subject to two mechanics' liens filed by Valley Paving, Inc. It is undisputed that these liens were recorded prior to the mortgage. Valley Paving entered into a contract with Gerald Rehbin, the general contractor of the Northfork Subdivision, to lay the streets, curbs and gutters in the subdivision. The work was performed on May 5 and 6, 1986. All work completed by Valley Paving was on the city right-of-ways.

After the construction mortgages were recorded, mechanics' liens were filed against lots 4 and 5 for material and labor

pointment pursuant to Minn. Const. art. VI, § 2.

supplied in the construction of two residential dwellings. The parties do not dispute the validity, only the priority of the mechanics' liens. A dispute developed between Valley Paving and Rehbin, which culminated in Valley Paving commencing a mechanics' lien foreclosure action. That action was settled prior to trial through an agreement requiring Valley Paving to do certain corrective work.

The trial court concluded the work of Valley Paving, which consisted of paving the streets, curbs and gutters of the Northfork Subdivisions, did not constitute the actual and first visible beginning of the improvement to which the lienholders contributed. Therefore, the trial court determined Standard Lumber's mechanics' liens did not relate back to the improvements of Valley Paving and thus were junior to Builders Development's mortgage.

### ISSUE

Did the trial court err by concluding the paving of streets, curbs and gutters on the city right-of-ways was not the actual and visible beginning of the improvement on lots 4 and 5?

### ANALYSIS

■ Where the facts are not in dispute, this court need not give deference to the trial court's decision on matters of law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). The parties do not dispute the facts, only the application of Minn.Stat. § 514.05 (1986), which provides that:

> As against a bona fide purchaser, mortgagee, or encumbrancer without notice, no lien shall attach prior to the actual and visible beginning of the improvement on the ground * * *.

Minn.Stat. § 514.05 (1986). The Minnesota Supreme Court stated, "whether one has the status of a bona fide mortgagee without notice depends upon whether or not there was an actual and visible beginning of the improvement *on the ground* prior to the recording of the mortgage." *M.E. Kraft Excavating & Grading Co., Inc. v. Barac Construction Co.*, 279 Minn. 278, 284, 156 N.W.2d 748, 752 (1968) (emphasis in original); *see also Dunham Associates, Inc. v. Group Investments, Inc.*, 301 Minn. 108, 117–18, 223 N.W.2d 376, 382–83 (1974).

■ Standard Lumber argues the development of the Northfork Subdivision is one continuous development scheme and therefore the paving of the streets, curbs and gutters was the actual and visible beginning of the improvement. Essentially, Standard Lumber attempts to define "improvement" as the building of the entire subdivision.

The Minnesota Supreme Court stated, "the line of distinction is whether or not the improvement bears directly on the construction of the building rather than whether it is part of the overall project involved." *National Lumber Co. v. Farmer & Son, Inc.*, 251 Minn. 100, 104, 87 N.W.2d 32, 36 (1957). The paving of streets, curbs and gutters does not directly relate to the construction of the two dwellings. Moreover, the parties agree that the work performed by Valley Paving was done on the city right-of-ways. Thus, the work which Standard Lumber argues should constitute the actual and visible improvement for purposes of priority was not performed on the property as required by Minn.Stat. § 514.05.

Standard Lumber seeks to distinguish *National Lumber* since the mechanics lien claimant in that case was attempting to attach its priority not upon a recorded mechanics' lien, but rather upon an improvement for which a lien was never filed. The supreme court has rejected this contention. *M.E. Kraft Excavating* at 284–85, 156 N.W.2d at 752–53; *see also Landers–Morrison–Christenson Co. v. Ambassador Holding Co.*, 171 Minn. 445, 448, 214 N.W. 503, 504–05 (1927). Additionally, Standard Lumber attempts to distinguish *National Lumber* because that case did not involve the development of a new subdivision. However, only two lots within the subdivision were purchased. The development project did not involve construction throughout the subdivision. Thus, the

facts do not support Standard Lumber's contention.

## DECISION

The paving of streets, curbs and gutters in a subdivision does not constitute the actual and visible beginning of the improvement pursuant to Minn.Stat. § 514.05 (1986).

Affirmed.