**CARLSON–GREFE CONSTRUCTION, INC., Appellant,**

v.

**ROSEMOUNT CONDOMINIUM GROUP PARTNERSHIP, et al., Respondents,**

August W. Ratzlaff, et al., Defendants, Midway National Bank of St. Paul, The City of Rosemount Housing and Redevelopment Authority, Dakota County Housing and Redevelopment Authority, State Mechanical, Inc., Respondents.

No. C2–91–612.

Court of Appeals of Minnesota.

Aug. 27, 1991.

Review Denied Oct. 31, 1991.

Kurt M. Anderson, Bergeson, Lander, and Megarry, P.A., Bloomington, for Carlson–Grefe Const.

E. Martin Stapleton, Stapleton, Nolan & McCall P.A., St. Paul, for Rosemount Condominium Group Partnership, et al.

Leander G. Lippert, Lippert Law Offices, P.A., Edina, for Midway National Bank of St. Paul.

Eric A. Short, Michael R. Strom, Donald J. Fluegel, Hertogs, Fluegel, Sieben, Polk, Jones and LaVerdiere, P.A., Hastings, for The City of Rosemount Housing and Redevelopment Authority.

Larry M. Wertheim, Bonnie Wilkins, Holmes and Graven, Chartered, Minneapolis, for Dakota County Housing and Redevelopment Authority.

Peter I. Orlins, Orlins Law Office, Richfield, for State Mechanical, Inc.

Considered and decided by KLAPHAKE, P.J., and LANSING and DAVIES, JJ.

## OPINION

KLAPHAKE, Judge.

Appellant challenges summary judgment granted to the respondent mortgagees in a priority dispute involving mechanics' liens and mortgage interests. The trial court held, and we agree, that neither the presence of a construction trailer containing

plumbing fixtures nor a ceremonial ground-breaking constitutes the actual and visible beginning of an improvement on the ground under Minn.Stat. § 514.05, subd. 1 (1990). We affirm.

## FACTS

Because this is an appeal from summary judgment, we state the facts in the light most favorable to the appellant, Carlson–Grefe Construction, Inc. (Carlson–Grefe).

Respondent Rosemount Condominium Group Partnership (Rosemount Condominium) owned real estate in Rosemount, Minnesota, on which it planned to build a condominium complex.[1] On March 19, 1988, respondent State Mechanical, Inc., a plumbing contractor, moved its construction trailer onto the Rosemount condominium property. On March 28, 1988, State Mechanical began storing in the trailer plumbing fixtures it planned to install in the condominiums. State Mechanical prefabricated the fixtures in its shop before delivering them to the trailer.

After State Mechanical began storing the plumbing fixtures in the trailer, respondent Fridlund Group Partnership contracted with Carlson–Grefe to construct the condominium building and with State Mechanical to provide the plumbing for the condominium development. On May 10, 1988, Rosemount Condominium executed several mortgages in favor of respondent Midway National Bank of St. Paul (Midway), respondent the City of Rosemount Housing and Redevelopment Authority (Rosemount HRA), and respondent Dakota County Housing and Redevelopment Authority (Dakota HRA). The Midway and Rosemount HRA mortgages were recorded on May 13, 1988, and re-recorded on October 26, 1988.[2] The Dakota HRA mortgage has been satisfied.

On May 11, 1988, a ceremonial ground-breaking took place on the property. Mid-

way had no notice of this ceremony, and did not attend. On August 8, 1988, Carlson–Grefe began construction.

Midway foreclosed its mortgage and purchased the property at the foreclosure sale on November 15, 1990. The redemption period is currently running.

In July 1990, Carlson–Grefe also began foreclosure proceedings, joining interested parties to determine priority. The trial court held that neither the presence of State Mechanical's trailer nor the ceremonial groundbreaking constituted the "actual and visible beginning of the improvement on the ground" as a matter of law. Thus, the trial court granted summary judgment to Midway and Rosemount HRA, declaring their mortgages superior to the Carlson–Grefe and State Mechanical liens. The trial court allowed Carlson–Grefe to add Eileen Greenwood, general partner in both Rosemount Condominium and Fridlund Group Partnership, as a defendant, but refused to allow the addition of Marguerite Fridlund, the widow of a general partner in Fridlund Group Partnership, as a defendant. The trial court denied Carlson–Grefe's motion to amend the complaint to add an additional cause of action based on a letter outlining the approximate amount owed under the contract.

## ISSUES

1.  Did the trial court abuse its discretion in refusing to allow Carlson–Grefe to amend its complaint?

2.  Consistent with Minn.Stat. § 514.05, subd. 1 (1990), does the presence of a construction trailer containing plumbing materials and/or a ceremonial groundbreaking constitute the "actual and visible beginning of the improvement on the ground?"

---

1.  Although Rosemount Condominium Group Partnership is the owner of the property, the relevant construction contracts were executed on behalf of Fridlund Group Partnership by Milton Bruflodt. Bruflodt is a general partner in both Rosemount Condominium and Fridlund Group Partnership.

2.  The parties do not dispute that the effective date of the mortgage, for priority purposes, is May 13, 1988.

## ANALYSIS

*Standard of Review*

On appeal from summary judgment, this court reviews the entire record to determine whether any genuine issues of material fact exist and whether the trial court erred in applying the law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). For purposes of our review here, we resolve disputed facts in favor of Carlson–Grefe and examine only the trial court's application of the law.

### I.

■ Carlson–Grefe claims the trial court abused its discretion in refusing to allow an amendment to its complaint. Although included in the summary judgment decision, the denial of Carlson–Grefe's motion to amend was not a final judgment, nor did it determine the action and prevent an appealable judgment. Minn.R.Civ.App.P. 103.-03(a), (e); *see also Spaeth v. City of Plymouth*, 344 N.W.2d 815, 824–25 (1984) (non-appealable order does not become appealable by joining it to appealable order). Thus, we will not review the amendment issue.

### II.

Carlson–Grefe challenges the trial court's determination that the Midway and Rosemount HRA mortgages took priority over the mechanics' liens. Minn.Stat. § 514.05, subd. 1 (1990) addresses priority disputes among lienholders, owners, and mortgagees. The statute provides:

> All liens, as against the owner of the land, shall attach and take effect from the time the first item of material or labor is furnished upon the premises for the beginning of the improvement, and shall be preferred to any mortgage or other encumbrance not then of record, unless the lienholder had actual notice thereof. *As against a bona fide purchaser, mortgagee, or encumbrancer without actual or record notice, no lien shall attach prior to the actual and visible beginning of the improvement on the ground.*

*Id.* (emphasis added). Carlson–Grefe contends the presence of the construction trailer containing plumbing fittings constitutes the actual and visible beginning of the improvement on the ground. We disagree.

■ Midway and Rosemount HRA's status as bona fide mortgagees without notice depends on whether there was an actual and visible beginning of an improvement on the ground before the mortgages were recorded. *See M.E. Kraft Excavating & Grading Co. v. Barac Constr. Co.*, 279 Minn. 278, 284, 156 N.W.2d 748, 752 (1968). Once a visible improvement on the ground has begun, the mortgagees are deemed to have notice of mechanics' liens and stand in the same position, for priority purposes, as an owner. *Reuben E. Johnson Co. v. Phelps*, 279 Minn. 107, 113, 156 N.W.2d 247, 251 (1968).

The underlying policy of the statute enables property owners and developers to procure financing by granting mortgagees priority against lien claimants filing claims after the mortgage is recorded, so long as the mortgagee's inspection of the property does not reveal the actual and visible beginning of the improvement on the ground. *Id.* at 112–13, 156 N.W.2d at 252. This policy prevents the injustice that would occur

> if the land could be afterwards swallowed up by mechanics' liens for work which had not been commenced on the ground, and of which consequently one who might buy the property or take a mortgage upon it had no notice or means of knowledge when he took his deed or mortgage.

*Wentworth v. Tubbs*, 53 Minn. 388, 395, 55 N.W. 543, 544 (1893) *quoted in Phelps*, 279 Minn. at 114, 156 N.W.2d at 252. The statute balances this policy against the equally important purpose of protecting the rights of the workers and suppliers who furnish the labor and material necessary to the improvement project by charging the mortgagee with notice of the liens as of the beginning date of the actual and visible improvement. *See e.g., Anderson v. Breezy Point Estates*, 283 Minn. 490, 493, 168 N.W.2d 693, 696 (1969). This dual purpose is best served when the rights of both

mortgagees and lien claimants are fixed with definiteness and certainty. *Phelps*, 279 Minn. at 116, 156 N.W.2d at 253.

▬ Our review of the case law indicates a lien claimant must meet several requirements to assert priority over a mortgagee under the statute. There must be an improvement defined as any contribution of labor, skill, material, or machinery used to make a permanent addition that enhances the capital value of real estate, involving the expenditure of labor or money, and designed to increase the usefulness or value of the property. *Kloster–Madsen, Inc. v. Tafi's, Inc.*, 303 Minn. 59, 63–64, 226 N.W.2d 603, 607 (1975). While the furnishing of some goods and services creates a lien under Minn.Stat. § 514.01 (1990), the lien itself does not attach for priority purposes against a mortgagee at the time of the delivery of the goods or at the commencement of these services. *Kraft*, 279 Minn. at 285, 156 N.W.2d at 753 (neither a survey nor architectural services constituted the actual and visible improvement on the ground) (citing *Erickson v. Ireland*, 134 Minn. 156, 158, 158 N.W. 918, 919 (1916)). Rather, the lien attaches at the actual and visible beginning of the improvement on the ground. *Kraft*, 279 Minn. at 285, 156 N.W.2d at 753.

▬ The presence of a construction trailer containing plumbing materials does not constitute a visible improvement on the ground. By definition, an improvement must have an aspect of permanence which is not met here. *Kloster–Madsen*, 303 Minn. at 64, 226 N.W.2d at 607 (an improvement is a permanent addition designed to increase value or usefulness of the property). The statutory language adds to this definition the requirement that the improvement be visible on the ground. Minn.Stat. § 514.05, subd. 1. These requirements are necessary to further the statute's underlying policy of providing notice to mortgagees of existing mechanics' liens.

▬ The mobile character of the trailer precludes the necessary permanence implicit in the phrase "visible improvement on the ground." A mortgagee inspecting the property for visible signs of an improvement on the ground must be able to rely on the appearance of the property without being concerned that a materialman has moved a trailer filled with supplies on and off the property and thereby established priority. At best, the trailer's presence indicated that an improvement was planned. Knowledge of *planned* improvements, however, is not sufficient to charge a mortgagee with notice of *existing* mechanics' lien claims. *Phelps*, 279 Minn. at 116, 156 N.W.2d at 253. For priority purposes, the mechanics' lien attaches at the first sign of the actual and visible beginning of the improvement on the ground. While the presence of this equipment may establish a mechanics' lien against an owner, the facts of this case do not meet the higher standard necessary to establish priority over a mortgagee.

▬ We also disagree that a ceremonial groundbreaking provides an appropriate bright line rule for establishing the priority of a mechanics' lien. First, a *ceremonial* groundbreaking contradicts the express language of the statute requiring that there be an *actual* and visible beginning of the improvement on the ground. Second, a shovelful of dirt marking a ceremonial groundbreaking does not enable a person exercising reasonable diligence to see it. *See Kloster–Madsen*, 303 Minn. at 64, 226 N.W.2d at 607. Such a ceremonial groundbreaking may often occur, as it did here, well before the actual improvement on the ground begins. Additionally, the elements may erase any visible proof of the groundbreaking. We believe using the ceremonial groundbreaking as a bright line rule would inject uncertainty into the law and inhibit the ability of developers to obtain financing.

We conclude the trial court correctly determined, as a matter of law, that neither the presence of the trailer containing plumbing materials nor the ceremonial groundbreaking constitute the actual and visible beginning of the improvement on the ground.

Affirmed.