**SUBURBAN EXTERIORS, INC., Respondent,**

v.

**EMERALD HOMES, INC., et al., Defendants,**

**California Investments, Inc., Appellant,**

**Complete Concrete Services, Inc., Creative Lighting, Inc., Respondents,**

and

**CREATIVE LIGHTING INC., Defendant and Third-Party Plaintiff, Respondent,**

v.

**Adrian JOHNSON, Third-Party Defendant.**

No. C6–93–1038.

Court of Appeals of Minnesota.

Nov. 23, 1993.

David J. Lenhardt, Foster, Waldeck, Lind & Gries, Ltd., Minneapolis, for Suburban Exteriors, Inc.

Bradley N. Beisel, Scholle and Beisel, Ltd., Minneapolis, for California Investments, Inc.

Loren Gross, Bloomington, for Complete Concrete Services, Inc.

Neil M. Meyer, Meyer & Njus, P.A., Minneapolis, for Creative Lighting, Inc.

Considered and decided by RANDALL, P.J., and KALITOWSKI and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant California Investments, Inc., claims priority over the mechanics' liens of respondents Suburban Exteriors, Inc., Complete Concrete Services, Inc., and Creative Lighting, Inc. The trial court determined that the mechanics' liens had priority because the removal of two trees was the beginning of the improvement. We reverse.

## FACTS

Shortly before they sold a lot adjacent to their residence, and with the buyer's consent, Kathryn and Adrian Johnson paid to have two 10 to 12-foot pine trees transplanted from the lot and into their yard. Adrian Johnson testified that he moved the trees to benefit his own yard.

The buyer of the property mortgaged it to Construction Mortgage Investors Company ("mortgagee"). Mortgagee's title company immediately inspected the property and took photographs that disclosed the existence of two distinct, but shallow, holes caused by the tree removal. The mortgage was filed on July 18, 1989. On August 30, 1989, Ronald Lahti excavated the property where the trees had been. Lahti indicated that his excavating equipment would have removed the two transplanted trees from the footprint of the house with no additional work or cost.

The mortgagee foreclosed and sold the property to respondent California Investments, Inc. Suburban Exteriors, Inc., brought a mechanics' lien action in which the sole issue was whether the removal of the

trees constituted an actual and visible beginning of improvement under Minn.Stat. § 514.05.

The trial court ruled that the tree removal began the house construction and that all the mechanics' liens thus had priority over the mortgage.[1] The court subsequently denied California Investment's motion for amended findings of fact or new trial. This appeal followed.

## ISSUE

Did the trial court err by ruling that respondents' mechanics' liens had priority over appellant's interest?

## ANALYSIS

Whether the work done was an improvement within the contemplation of the governing statute is a mixed question of law and fact. *Kloster–Madsen, Inc. v. Tafi's, Inc.,* 303 Minn. 59, 63, 226 N.W.2d 603, 607 (1975). Where, as here, the parties do not dispute the facts, but only the application of Minn. Stat. § 514.05 (1988), the question remaining is one of law and we need not give deference to the trial court. *E.H. Renner & Sons, Inc. v. Sherburne Homes, Inc.,* 458 N.W.2d 177, 179 (Minn.App.1990).

■ Appellant contends that the removal of the two trees did not constitute an improvement. We agree.

As against a bona fide purchaser, mortgagee, or encumbrancer without actual or record notice, no lien shall attach prior to the actual and visible beginning of the improvement on the ground.

Minn.Stat. § 514.05, subd. 1 (1988). Here, the removal of the trees had no direct bearing on the construction of the house and therefore did not constitute part of an improvement. *National Lumber Co. v. Farmer & Son, Inc.,* 251 Minn. 100, 104, 87 N.W.2d 32, 35–36 (1957). Although the two trees had to be disposed of prior to construction, the undisputed testimony indicates that their removal did not further the excavation work.

Minn.Stat. § 514.05, subd. 1 (1988).

1. *All* mechanics' liens are deemed to relate back to when material or labor is first furnished.

■ Minn.Stat. § 514.05 balances the policy of protecting mortgagees who inspect the property and discover no actual and visible improvements against the policy of safeguarding the rights of persons who furnish labor and material to the improvement. *Carlson–Grefe Constr., Inc. v. Rosemount Condominium Group Partnership,* 474 N.W.2d 405, 408 (Minn.App.1991), *pet. for rev. denied* (Minn. Oct. 31, 1991). These purposes are best served "when the rights of both mortgagees and lien claimants are fixed with definiteness and certainty." *Id.* at 408–09. Here, the mortgagee discovered nothing but two shallow holes in the ground and reasonably concluded that no improvements had occurred. To hold that such holes constituted the beginning of construction would reduce certainty. The tree removal was not the beginning of construction.

In light of our holding, we do not address respondent's request for attorney fees on appeal.

## DECISION

The trial court erred in ruling that the mechanics' liens had priority. The removal of two small trees did not constitute the beginning of an improvement.

**Reversed.**